CONCEPCIÓN FERNÁNDEZ VIUDA DE CASTRO, demandante y apelante, *v.* RAFAEL ARJONA SIACA, demandado y apelado.

No. 6510.—*Sometido:* Febrero 21, 1935. *Resuelto:* Abril 17, 1935.

*Heriberto Torres Solá,* abogado de la apelante; *E. Campos del Toro,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Allá por el año de 1922, sin que consten el mes y el día, la demandante Concepción Fernández Vda. de Castro, vendió la biblioteca que fué de su esposo Antonio F. Castro al abogado demandado Rafael Arjona Siaca por dos mil dólares. También separadamente un armario cuyo precio se fijó en cincuenta.

En Octubre 27 de dicho año el comprador abonó cien dólares, y en marzo 21 del siguiente año, 1923, se redujo a escrito la transacción, como sigue:

"1.—El Sr. Arjona se compromete a entregar a la Sra. de Castro la suma de $800.00, en 30 de abril de 1923, así como un pagaré que vencerá en tres meses a partir desde dicha fecha, por $600.00, con el 10% anual; entendiéndose que este pagaré de $600.00 será prorrogable por otros tres meses más a petición del Sr. Arjona.

"2.—En caso de que no pudiera cumplirse la obligación anterior, entonces el Sr. Arjona se compromete al cumplimiento de las condiciones objeto del pacto anterior con respecto a la compra de la biblioteca del Sr. Castro, cuyas condiciones son las siguientes:—$200.00 de contado, y $1,700.00 en tres años plazo, así:—$700.00 el 30 de abril de 1924, $700.00 el 30 de abril de 1925 y $300.00 el 30 de abril de 1926, con intereses al 8% anual, entendiéndose los mismos plazos prorrogables en igual forma que el anterior."

No pudo cumplir el comprador lo prometido en el primer párrafo rigiendo en tal virtud lo acordado en el segundo. Tampoco hizo el comprador los pagos en las fechas fijadas. Llegó a abonar dos mil dólares en diferentes fechas y parece que creyó que con el último abono de mil dólares hecho a un representante de la vendedora todo quedaba terminado. No lo consideró así la vendedora que inició este pleito reclamando un saldo de $779.33, con sus intereses a partir del 21 de enero;

1927, en que se hizo el último abono hasta su total pago, y las costas.

Fué el pleito a juicio y la corte decidió que la suma realmente debida a la fecha del último abono era la de $126.71 y condenó al demandado a pagarla con sus intereses al 8 por ciento anual a partir de dicha fecha, sin costas.

No conforme la demandante apeló para ante esta Corte Suprema. En su alegato señala como único error el que sigue:

"La Corte erró en la interpretación del contrato de 21 de marzo de 1923, transcrito en el párrafo 5°. de la primera demanda enmendada (p. 15 del Leg. de Sent.) al no computar para dictar el fallo, los intereses desde la fecha del documento hasta tres meses después del vencimiento de los plazos, al 8%; y al computar intereses a ese tipo, en vez del 6% anual durante el tiempo de la mora."

■■ Examinados los autos y los alegatos, es necesario concluir que el error existe. La propia parte apelada dice:

"Veamos ahora los fundamentos sobre los cuales sostiene la demandante su imputación de error a la sentencia apelada. Manifiesta la demandante que los intereses debieron haber sido computados al 8% desde la fecha del documento. Sostenemos, en contrario, que fué correcta la interpretación de la Corte apelada al resolver que los intereses convenidos eran a devengarse después de vencido el plazo en que el principal que los devengaba debió haber sido satisfecho. La apelante, empero, llama la atención de esta Corte hacia el hecho de que la contestación del demandado, (Legajo de la Sentencia, pág. 31 a 32), bajo la Materia Nueva, párrafo A, establece claramente que 'cada plazo devengaría intereses al 8% anual desde la fecha de la compra hasta el vencimiento del mismo.' Siendo ésa una alegación de la contestación, aún cuando con la misma no estuvo ni está conforme el demandado, quien la vino a conocer después de formulada en autos, el demandado acepta la situación que de ella se desprende, y entiende que, a los efectos de la determinación de la controversia existente entre las partes con motivo de los hechos objeto de esta acción, deben computarse sobre la suma adeudada los intereses, desde la fecha en que la deuda se contrajo hasta el vencimiento de cada plazo, a razón del 8% anual, y de que es sólo desde el vencimiento de

cada plazo en adelante que deben computarse los intereses a razón del 6% anual, por concepto de mora."

Sostiene, sin embargo, dicha parte que el *interés del 8 por ciento* sólo debe computarse hasta el vencimiento del plazo y no hasta el de la prórroga del mismo.

Creemos que no tiene razón, porque siendo el 8 por ciento el interés estipulado, debe entenderse hasta la prórroga acordada en el contrato. No pagado a su vencimiento, debe considerarse que el plazo quedó en efecto prorrogado. El interés legal se aplica al tiempo no regulado por las partes. En tal caso la ley interviene y suple lo dejado de acordar.

La dificultad para dictar la sentencia que debió haber dictado la corte de distrito surge a virtud de que el cálculo hecho por la parte apelante partiendo de la existencia del error arroja un saldo de $478.91 y el hecho por la parte apelada uno de $98.49.

Como lo mandado pagar por la corte fué $126.71, tuvimos la idea de confirmar la sentencia aplicando el principio *"De minimis non curat praetor,"* pero no es posible, ya que se admite que el cálculo de intereses en que se basa la sentencia omite determinado tiempo. Hecho el cálculo por nosotros mismos, nos da un saldo deudor a la fecha del último abono, enero 21, 1927, de $339.32, sin tomar en consideración los cincuenta dólares del armario. Aunque no incluída en el documento, esa transacción existió, debiendo en su consecuencia ordenarse también el pago correspondiente a la misma, o sea cincuenta dólares con intereses al seis por ciento anual a partir de la fecha de la interposición de la demanda.

*Debe, pues, modificarse la sentencia recurrida y ordenarse al demandado que pague a la demandante la suma de $339.32 con intereses al 6 por ciento anual a partir de enero 21, 1927, hasta la fecha del pago y a que le satisfaga además la suma de $50 con intereses al 6 por ciento anual a partir del 25 de febrero, 1930, en que se inició este pleito, todo sin especial condenación de costas, y así modificada, confirmarse.*

EN MOCIÓN DE RECONSIDERACIÓN

Junio 7, 1935

Opinión del tribunal emitida por el Juez Presidente Sr. del Toro.

En abril 17 último esta corte resolvió este recurso modificando la sentencia apelada en el sentido de condenar como condenó al demandado apelado a pagar a la demandante apelante $339.32 con intereses al seis por ciento anual a partir de enero 21, 1927 y a pagarle además $50 con intereses al seis por ciento anual a partir de febrero 25, 1930.

Dentro de la prórroga concedídale la parte apelada presentó en mayo 11 último una moción sobre especificación y prórroga que fué resuelta como sigue:

"No ha lugar a la especificación, porque si bien en la opinión de esta Corte no se hacen constar las varias operaciones aritméticas que hubo necesidad de practicar para llegar al resultado que sirve de fundamento a la sentencia, surgen de dicha opinión las bases para el cálculo, a saber, intereses calculados al 8% anual desde la fecha del documento hasta tres meses después del vencimiento de los plazos y al 6% anual durante el tiempo de la mora, debiendo liquidarse capital e intereses a la fecha de cada abono aplicándose éste primero al pago de los intereses adeudados;

"Y en cuanto a la prórroga, se concede hasta el 27 de mayo en curso para archivar su moción de reconsideración."

El 27 de mayo el apelado archivó en efecto su moción de reconsideración. Sostiene en ella que esta corte erró en sus cálculos al tomar como precio de la venta de la biblioteca dos mil dólares cuando según el documento últimamente otorgado dicho precio se fijó en mil novecientos dólares. Hizo entonces el cálculo sobre la base de mil novecientos dólares con el resultado de un saldo deudor de $249.53 en vez del de $339.32 que le ordenó pagar la corte.

Se dió traslado de la moción sobre reconsideración a la parte apelante concediéndosele un término para manifestar por escrito lo que conviniere a su derecho, quedando entendido que si la corte lo estimara justo no sólo reconsideraría

su sentencia si que dictaría en su lugar la que fuere procedente.

En junio 4 actual la apelante radicó su oposición a la solicitud de reconsideración. Contiene un cuidadoso estudio de todas las cuestiones suscitadas y una liquidación hecha a base de las Matte's Interest Tables compiladas por Napoleón Matte, a base de años de 365 días, que arroja un saldo deudor de $335.01.

La opinión en que se funda nuestra sentencia comienza así:

"Allá por el año de 1922, sin que consten el mes y el día, la demandante Concepción Fernández Vda. de Castro, vendió la biblioteca que fué de su esposo Antonio F. Castro al abogado demandado Rafael Arjona Siaca por dos mil dólares. También separadamente un armario cuyo precio se fijó en cincuenta."

Con respecto a los cincuenta dólares del armario no hay cuestión. Con respecto al precio de la biblioteca se tomó en efecto para nuestro cálculo la base de dos mil dólares. Si aparecen mil novecientos en el documento que se otorgó después y que se transcribe en la propia opinión, es porque se prescindió de los cien que se habían previamente abonado. No cabe la reconsideración solicitada.

Ahora bien, como de la liquidación hecha por la propia apelante resulta una diferencia de $4.31 favorable al apelado, nuestra sentencia deberá modificarse sustituyendo la partida de $339.32 por $335.01, quedando de tal modo resuelta en definitiva la cuestión suscitada por el demandado apelado.